# Wolf *v.* C. Schmidt & Sons Brewing Company, Appellant.

*Negligence—Bicycle—Collision with motor truck—Charge of court—Failure to charge on a particular point.*

1. In an action by a bicyclist to recover damages for personal injuries sustained in a collision with defendant's motor-truck, where the evidence is conflicting as to the negligence of the defendant and the contributory negligence of the plaintiff, and the court correctly instructs the jury as to the rights of the parties if they find one or the other or both guilty of negligence, the court cannot be charged with error in failing to say that there could be no recovery if neither party was in fault, if it appears that no request was made to so charge, and the court did say that if the plaintiff got "into a position where the accident was practically unavoidable by anybody," he could not recover.

*Negligence—Damages—Loss of future earnings.*

2. Where in an accident case future earnings are anticipated and capitalized, the plaintiff is entitled to their present value only. The standard is the present worth of the probable future earnings of which a plaintiff will be deprived, based on factors which apply to the individual case, such as his age, condition, station in life, occupation, health and surroundings.

3. In a negligence case where the plaintiff claims damages for the loss of a leg, and his counsel in argument suggested that plaintiff's expectancy of life was fifty years, and that the measure

of damages should be ascertained by multiplying his annual loss of wages by fifty, the court commits no error in calling attention to the fact that a loss computed on the basis claimed would amount to more than twice the cost of an annuity that would equal the annual loss of wages. Such an instruction was not the setting up of the cost of an annuity as a standard, but a proper warning against adopting a mistaken method of calculation urged by counsel.

Argued March 20, 1912. Appeal, No. 97, Jan. T., 1912, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1907, No. 2070, on verdict for plaintiff in case of Charles W. Wolf, Jr. a minor child by his father and next friend, Charles W. Wolf, Sr., and Charles W. Wolf, Sr., v. C. Schmidt & Sons Brewing Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SULZBERGER, P. J.

At the trial, it appeared that the plaintiff was injured on June 1, 1907, at 17th and Clearfield streets in the city of Philadelphia. The accident happened by a collision between a bicycle that the boy was riding and defendant's motor truck. The boy who was fifteen years of age lost his right leg as the result of the collision. The evidence of the negligence of the defendant and of the contributory negligence of the plaintiff was conflicting.

The court charged in part as follows:

["If I were to assume now that a man wanted to get $400 for the rest of his life, being fifteen years old, having 50 years to live, I would not have to give $20,000. If I had $7,000 to pay to an annuity company that would be sufficient. I am only giving you a rough figure. It may be near $6,000, but if I had somewhere between $6,000 and $7,000 to pay to the best annuity company in the land, it would agree to pay him $400 a year if he lived to the age of Methuselah. So do not

get caught on the mathematics which ignore the effect of interest. This is not a question of investment and interest but a question of annuity. If therefore, as I say, you should adopt some of the bases of that calculation, and we were to assume, for the sake of mere hypothesis, that your idea is that his services in life would be worth $400 a year less for the rest of his life, a verdict of between $6,000 and $7,000 would cover the element of damage. I do not propose to go into all the calculations, but I know there is intelligence enough among you, after you fix what you think he lost per annum, to use that as an approximate basis for a reasonable calculation of the amount you ought to allow for such a thing."] (1)

["The question before you is to determine how that injury was inflicted. The plaintiff charges that it was inflicted in consequence of the negligence of the defendant's driver, who drove an electric truck for the defendant company, and the defendant says that the cause was the negligence of the plaintiff."] (2)

["If you come to the conclusion that the accident was on the whole due to the negligence of the defendant's driver, without the concurrent negligence of the plaintiff, that is one thing. If you come to the conclusion that it was due to the plaintiff's carelessness, want of that forethought which he ought to have exercised, by getting himself into a position where the accident was practically unavoidable by anybody, then your only course is to find a verdict for defendant. If, however, you come to the conclusion that the plaintiff was not guilty of carelessness but the defendant was, and that the carelessness of the defendant, without admixture of carelessness of the plaintiff, produced this accident, then your verdict ought to be for the plaintiff."] (3)

Verdict and judgment for Charles W. Wolf, Jr., for $7,950, and for Charles W. Wolf, Sr., $1,250. Defendant appealed.

*Errors assigned* were (1-3) above instructions quoting them.

(4.) In not charging the jury that if neither of the contingencies alluded to in the part of the charge assigned for error in the third assignment, viz: negligence of the plaintiff or negligence of the defendant, had occurred and the injury was due to accident without negligence, the verdict should be for the defendant.

(5) In refusing binding instructions for defendant and (6) in refusing defendant's motion for judgment n. o. v.

*Frank P. Prichard,* with him *M. J. O'Callaghan* and *James Wilson Bayard,* for appellant.—The court below erroneously instructed the jury that the cost of an annuity was the proper measure of damage: Kerrigan v. R. R. Co., 194 Pa. 98; Goodhart v. R. R. Co., 177 Pa. 1; Hollinger v. Railways Co., 225 Pa. 419; Wilkinson v. North East Borough, 215 Pa. 486.

In a case where there was little positive evidence as to the cause of the occurrence, and where it might have occurred either through negligence or accident, the court instructed the jury as to what would be the proper alternative verdict in case of the negligence of the plaintiff or defendant, but gave them no instructions as to the proper verdict if the accident occurred without negligence, thus leaving the jury to believe that the only question was one as to who was negligent

*M. Hampton Todd,* with him *Wendell P. Bowman,* for appellees, cited as to the measure of damages, Reed v. American Dyewood Co., 231 Pa. 431.

OPINION BY MR. CHIEF JUSTICE FELL, April 29, 1912:

A boy fifteen years of age was riding south on a bicycle, on a street on which the defendant's electric truck was running north. At about the same time the

bicycle and the truck were turned east on a cross street, where a collision between them occurred some forty feet from the crossing. A disputed question at the trial was whether the boy was ahead of the truck and was run down from behind or whether he was at the side of the truck and was thrown from his bicycle by hitting the curb or by being hit by the truck. There was testimony tending to show carelessness in managing the truck and the case was undoubtedly for the jury.

The assignments to be considered relate to the instructions in relation to negligence and to the measure of damages. The instruction complained of on the question of negligence was this: "If you come to the conclusion that the accident was on the whole due to the negligence of the defendant's driver, without the concurrent negligence of the plaintiff, that is one thing. If you come to the conclusion that it was due to the plaintiff's carelessness, want of that forethought which he ought to have exercised, by getting himself into a position where the accident was practically unavoidable by anybody, then your only course is to find a verdict for defendant. If, however, you come to the conclusion that the plaintiff was not guilty of carelessness but the defendant was, and that the carelessness of the defendant, without admixture of carelessness of the plaintiff, produced this accident, then your verdict ought to be for the plaintiff." At the close of the charge an exception was taken "to so much of the charge of the court as instructed the jury that the issue is whether the plaintiff or the defendant was negligent." It is conceded that the instruction given was correct, but it is argued that there was error in not charging that there could be no recovery by the plaintiff if neither party was in fault and the injury was due to accident without negligence. It is a sufficient answer to say that the court was not asked to so charge. The exception did not call attention to an omission to charge, but suggested error in the instruction given. It was said

that if the plaintiff got "into a position where the accident was practically unavoidable by anybody" he could not recover. If more specific instructions were desired, they should have been asked for. The part of the charge in relation to the measure of damages, assigned for error, must be considered in the connection in which it was made. The plaintiff had lost a leg as the result of the accident and the most important element of damages to be considered was the loss of earning power. Where future earnings are anticipated and capitalized, the plaintiff is entitled to their present value only. The standard is the present worth of the probable future earnings of which a plaintiff will be deprived, based on factors which apply to the individual case, such as his age, condition, station in life, occupation, health and surroundings. There was no departure from this standard or the setting up of a different measure by the charge. It had been suggested in the argument for the plaintiff that his expectancy of life was fifty years and that the measure of damages should be ascertained by multiplying his annual loss of wages by fifty. This was an obviously fallacious argument. In pointing out its error the court called attention to the fact that a loss computed on the basis claimed would amount to more than twice the cost of an annuity that would equal the annual loss of wages. This was not the setting up of the cost of an annuity as a standard but a proper warning against adopting a mistaken method of calculation urged by counsel.

We find no error calling for a reversal and the judgment is affirmed.